IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-192-KS

| | | |
|---|---|---|
| SUSAN PRECIOSE and RICHARD PRECIOSE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) | |

     This matter is before the court on Defendant's motion to compel discovery responses [DE #20]. Defendant contends that Plaintiffs have failed to fulfill their obligation to fully respond to Defendant's first discovery requests by asserting general objections that certain requests are overly broad, unduly burdensome and not reasonably calculated to lead to relevant evidence or not reasonably limited in time, scope or relevant subject matter. Defendant further asserts that it agreed to an extension of time through April 21, 2015, for Plaintiffs to supplement their responses and that Defendant had not received any supplementary responses prior to filing its motion to compel on May 11, 2015. Plaintiffs oppose Defendant's motion, contending that they properly responded to Defendant's discovery requests and, alternatively, that a number of Defendant's complaints with Plaintiffs' responses will be rendered moot by the amendment of Plaintiffs' complaint and supplemental discovery responses to be served by Plaintiffs.

     The court has reviewed the discovery requests at issue and finds that a number of the discovery responses alleged to be deficient relate to a claim no longer being pursued by Plaintiffs, Plaintiffs having been permitted leave to amend their complaint by separate order entered this same date. In addition, the court has not been advised whether Plaintiffs have since

supplemented their discovery responses and, if so, whether the supplementary responses rendered any of the alleged deficiencies moot. Finally, it appears that Defendant has written Plaintiffs' counsel to delineate the alleged deficiencies with Plaintiffs' discovery requests and to request supplementary discovery responses. However, it is not clear to the court whether the parties have conferred in good faith in an attempt to resolve their discovery disputes prior to the filing of Defendant's motion. *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 7.1(c), E.D.N.C. (Jan. 2015). Accordingly, the court DENIES WITHOUT PREJUDICE Defendant's motion to compel [DE #20]. In the event the parties are unable to resolve their differences after conferring *in person or by telephone*, Defendant may refile its motion at that time.

This 22nd day of June 2015.

KIMBERLY A. SWANK
United States Magistrate Judge