IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-192-KS

| | | |
|---|---|---|
| SUSAN PRECIOSE and RICHARD PRECIOSE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the following motions:

1. Motion to withdraw as counsel for Plaintiff Susan Preciose, filed by Richard G. Paxton of Mostyn Law and John Alan Jones and G. Chris Olson of Martin & Jones, PLLC [DE #60];

2. Plaintiff Susan Preciose's motion to dismiss her attorneys [DE #62];

3. Plaintiff Susan Preciose's motion to amend her complaint [DE #63]; and

4. Plaintiff Richard Preciose's motion to voluntarily dismiss his claims [DE #70].

Defendant State Farm Fire and Casualty Company ("State Farm") opposes counsel's withdrawal, as well as Plaintiff Susan Preciose's motion to amend her complaint. (*See* Df.'s Resp. [DE #68].) State Farm contends that the parties previously agreed upon a settlement of Plaintiffs' claims, and the court should enforce the parties' settlement.[1] Plaintiff Richard Preciose's motion to dismiss states that it is opposed though no response in opposition has been filed.

---

[1] State Farm previously filed a motion to enforce the parties' settlement, which was dismissed without prejudice on August 24, 2016. (*See* Order dated Aug. 24, 2016 [DE #53].) In its

## I. Counsel's Representation of Susan Preciose

Counsel's representation of Plaintiff Susan Preciose is the subject of their motion to withdraw, as well as Plaintiff Susan Preciose's motion to dismiss her attorneys. Counsel state they are no longer able to adequately and effectively represent Susan Preciose and, therefore, seek to withdraw from representing her in this action. (Mot. Withdraw Counsel [DE #60].) Plaintiff Susan Preciose does not oppose counsel's motion and has filed her own motion to excuse counsel, stating that "all the attorneys of record[] are fired." (Mot. Dismiss Attorney Record [DE #62].) State Farm asks the court to deny counsel's motion and instead enforce the settlement previously reached by the parties.

Having carefully considered the matter, the court finds that good cause has been shown for counsel's withdrawal. Accordingly, the court grants counsel leave to withdraw from representing Plaintiff Susan Preciose in this action.

## II. Motion to Amend Complaint

Plaintiff Susan Preciose moves to amend her complaint to remove her former husband, Richard Preciose, as a party to the action and to add Alexander J. Garcia ("Garcia") as a plaintiff. Plaintiff contends that Richard Preciose is not a proper party to the action because has no interest in the real property or insurance policy at issue in this case. Additionally, she contends that her boyfriend/fiancé Garcia has been a part of the household and is a proper party to the suit. State Farm argues that amendment should be denied because (1) the deadline for amending the pleadings has passed; (2) Garcia lacks standing to assert any claims under the insurance policy; and (3) even if Garcia had standing, any claims are barred by the statute of limitations.

---

response to the motions presently before the court, State Farm argues that enforcement is appropriate; however, no motion seeking to enforce any settlement is currently pending before the court.

Rule 15 of the Federal Rules of Civil Procedure, which generally governs the amendment of pleadings, provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, because the time for amending the pleadings as set forth in the court's scheduling order has passed, Rule 16 requires an additional showing of good cause. "The '"good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission.'" *United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)). "In seeking leave to amend, the 'movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.'" *Id.* Moreover, a court may deny leave to amend where amendment would be futile. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

Plaintiff has not demonstrated good cause to amend her complaint to add Garcia as a plaintiff.[2] First, she has not shown that Garcia has standing to assert any claim in this action against State Farm. Even assuming Garcia was a member of the household at the time of the alleged loss, Plaintiff has alleged no facts to show that Garcia was an "insured" under the terms of the insurance policy. (*See* Ex. A to Df.'s Resp. [DE #68-1] at 2 (defining "insured" to include residents of the household who are relatives or under twenty-one years of age and dependent on the named insured).) Nor is there any indication that he owned any interest in the real property. Additionally, more than five years have elapsed since the alleged loss. Adding Garcia as a plaintiff to this action would be futile as any claim he may have would be barred by the statute of limitations.

---

[2] In light of Richard Preciose's motion to voluntarily dismiss his claims, the court need not reach Plaintiff Susan Preciose's motion to amend as it relates to Richard Preciose.

3

**III.     Voluntary Dismissal of Richard Preciose**

Also before the court is Plaintiff Richard Preciose's motion for voluntarily dismissal of his claims. Because movant has assigned any and all interest he has in this action to Plaintiff Susan Preciose (*see* Assignment Interest [DE #71 at 4]) and no claims have been brought against him in this action, the court finds that Richard Preciose is no longer a necessary party to the action. Accordingly, the court grants his motion to dismiss his claims with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IV.     Settlement**

The outcome of the parties' prior settlement negotiations has been a subject of continuing dispute. Although no motion to enforce settlement is currently pending before the court, certain statements contained in filings by Plaintiff Susan Preciose make the court question her position with regard to the issue of settlement. For example, in her response at DE #69, Plaintiff Susan Preciose suggests that the court should remove Richard Preciose from the action and order that State Farm pay her $10,000 in settlement of her claims.

## **CONCLUSION**

For the foregoing reasons, the court ORDERS as follows:

1.     Counsel's motion to withdraw [DE #60], joined in by Plaintiff Susan Preciose's motion to dismiss her attorneys [DE #62], is GRANTED;

2.     Plaintiff Richard Preciose's motion for voluntary dismissal [DE #70] is ALLOWED, and any claims he may have against State Farm are hereby dismissed with prejudice;

3.     Plaintiff Susan Preciose's motion to amend her complaint [DE #63] to add Alexander J. Garcia is DENIED; and

4

4. The parties shall confer regarding settlement and inform the court, within thirty (30) days of the date of this order, whether an agreement has been reached.

This 11th day of January 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge